UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SABRINA SHAW-GONZALEZ on her behalf, and on behalf of the ESTATE OF JULIAN GONZALEZ, decedent,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al.,

Defendants.

No. 2:26-cv-00463-TLN-CKD

**ORDER**

This matter is before the Court on a Motion to Withdraw as attorney for Plaintiff Sabrina Shaw-Gonzalez ("Plaintiff") filed by Zoha Khan and Generational Law Group, APC ("Plaintiff's Counsel"). (ECF No. 17.) Defendants California Department of Corrections & Rehabilitation, California Correctional Health Care Services, Dr. Sandar Aung, and Dr. Bhupinder Lehil ("Defendants") did not file an opposition. For the reasons set forth below, the Court GRANTS Plaintiff's Counsel's Motion to Withdraw.

///

///

///

## I. Factual and Procedural Background

The instant action arises from state prisoner Julian Gonzalez's ("Decedent") in-custody death at Mule Creek State Prison. (ECF No. 14 at 1–2.) Plaintiff alleges Decedent died "after a progressive pulmonary illness culminated in severe respiratory failure, multifocal pneumonia, pneumothorax, empyema/pulmonary abscess, suspected bronchopleural or bronchopulmonary fistula, and death." (*Id.*) Plaintiff further alleges "earlier evaluation, diagnostic testing, monitoring, escalation, and hospital-level care would have allowed earlier recognition and treatment of [Decedent's] serious pulmonary condition before he reached respiratory collapse." (*Id.* at 2.)

Plaintiff, the registered domestic partner and successor in interest of Decedent, brings the instant action "individually for her own injuries," for "survival claims as Mr. Gonzalez's successor in interest," and for "claims and damages belonging to Decedent and/or his estate." (*Id.*)

Plaintiff filed the operative First Amended Complaint ("FAC") on June 4, 2026. (*Id.*) Plaintiff's Counsel filed the instant motion to withdraw on June 26, 2026. (ECF No. 17.) On June 26, 2026, the parties stipulated to extend Defendants' responsive pleading deadline and all deadlines effected by the motion to withdraw by forty-five (45) days. (ECF No. 18 at 2.) The Court granted the stipulation and ordered the forty-five (45) day extension. (ECF No. 19 at 4.)

On August 17, 2026, the parties further stipulated to extend Defendants' responsive pleading deadline to September 17, 2026, and if the Court did not resolve the pending motion to withdraw by September 3, 2026, Defendants' responsive pleading deadline "shall be vacated and continued to 14 days after the Court issues an order resolving the pending motion to withdraw." (ECF No. 22 at 2.) The Court granted the stipulation. (ECF No. 23.)

## II. Standard of Law

The Local Rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion. E.D. Cal. L.R. ("Local Rule") 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address

of the client. *Id.* Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011). District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See, e.g., Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

## III. ANALYSIS

Plaintiff's Counsel satisfied Local Rule 182(d) by filing a declaration that they informed Plaintiff of their intent to withdraw and by providing the Court with Plaintiff's last known address. (ECF No. 17 at 6–7.) Indeed, Plaintiff provides her written consent to Plaintiff's Counsel's withdrawal. (*Id.* at 10.)

Additionally, Plaintiff's Counsel also established proper withdrawal under the California Rules of Professional Conduct. California Rule of Professional Conduct 1.16(b)(6) states a lawyer may withdraw from representing a client if: "the client knowingly and freely assents to termination of the representation[.]" California Rule of Professional Conduct 1.16(d) states a "lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel . . ."

In addition to obtaining Plaintiff's consent to withdrawal (*id.*), the Court finds Plaintiff's Counsel has taken reasonable steps to avoid reasonably foreseeable prejudice including filing the First Amended Complaint, advising "Plaintiff to seek substitute counsel immediately," and making "reasonable efforts to identify substitute counsel." (*Id.* at 4.) Accordingly, there is good cause to allow Plaintiff's Counsel to withdraw.

Regarding Plaintiff's Counsel's reason for withdrawal, Plaintiff's Counsel seeks to withdraw "based on professional considerations that make continued representation impracticable[.]" (*Id.* at 8.) Given Plaintiff's consent and the steps taken to avoid reasonably foreseeable prejudice, the Court determines this reason for withdrawal does not weigh against Plaintiff's Counsel's request to withdraw.

Furthermore, the Court finds there is a low risk of prejudice to Plaintiff and Defendants if the motion is granted because the case is in early stages of litigation, Plaintiff has had sufficient opportunity to retain substitute counsel, and the Court will further delay Defendants' responsive pleading deadline. (ECF No. 23.)

However, the involvement of the Estate of Julian Gonzalez ("Decedent's estate") in the instant case triggers another issue. Plaintiff brings this action (1) "individually for her own injuries and losses[,]" (2) for "survival claims as [Decedent's] successor in interest," and (3) "for claims and damages belonging to Decedent and/or his estate." (ECF No. 14 at 2.) First, Plaintiff may plead and conduct her own case personally or may obtain substitute counsel for her own case. 28 U.S.C. § 1654. Second, as Decedent's successor in interest, Plaintiff may proceed without counsel. Some courts have held that *pro se* successors in interest may establish claims without counsel. *See Dalavai v. Regents*, No. 22-cv-1992-CAB-WVG, 2023 WL 2801201, at *3 (S.D. Cal. Apr. 5, 2023) (collecting cases); *Gutierrez v. Tucker*, No. 19-cv-0878-JAM-DMC, 2021 WL 5263847, at *4 (E.D. Cal. Apr. 20, 2021) (denying appointment of counsel for *pro se* successor in interest). Finding these cases persuasive, the Court determines Plaintiff may plead and conduct her case as successor in interest personally or may obtain substitute counsel for the successor in interest claims.

Third, Plaintiff cannot appear on behalf of Decedent's estate without counsel. With Plaintiff's Counsel's withdrawal, Plaintiff is "left to pursue the interests of the estate without legal representation." *Estate of Wilson ex rel. Wheale v. R-Ranch Prop. Owners' Assoc.*, No. 13-cv-435-EFB, 2013 WL 12307846, at *1 (E.D. Cal. Dec. 4, 2013). Plaintiff is not an attorney and is not permitted to appear on behalf of another, including Decedent's estate, in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2009). Indeed, "courts

have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Id.* at 664. Accordingly, should Plaintiff wish to continue to pursue the Decedent's estate's interests, she must obtain counsel.

Although withdrawal of counsel may prejudice Decedent's estate claims, the Court highlights Plaintiff has been on notice and has had ample time to mitigate prejudice. Plaintiff's consent to the withdrawal of Plaintiff's Counsel states: "I also understand that certain claims brought on behalf of the Estate of Julian Gonzalez may require legal counsel and may be affected if substitute counsel is not retained." (ECF No. 17 at 10.) Plaintiff's consent to withdrawal is dated June 12, 2026. (*Id.*) Additionally, on June 29, 2026, the Court notified Plaintiff she "shall use the extension period" for Defendants' responsive pleading deadline "to seek substitute counsel." (ECF No. 19.) Plaintiff has had over *four months* to obtain new counsel on all of her claims. The Court grants Plaintiff thirty (30) additional days from the date of this Order to retain new counsel and notify the Court, in writing, of the name, physical address, email address, and telephone number of replacement counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the motion to withdraw. (ECF No. 17.) It is hereby ORDERED:

1. Plaintiff's Counsel shall serve and email this Order on Plaintiff Sabrina Shaw-Gonzalez within five (5) days of the date of this Order.

2. Plaintiff's Counsel shall file proof of service within seven (7) days of the date of this Order.

3. The Clerk of Court is directed to update the docket with Plaintiff's contact information. (ECF No. 17 at 12)

4. Plaintiff must notify the Court within thirty (30) days of the date of this Order whether she has secured new counsel or intends to proceed *pro se*.

5. Defendants shall respond to the First Amended Complaint within fourteen (14) days from Plaintiff's deadline to file notice of counsel.

///

6. Pursuant to Local Rule 302(c)(21), so long as Plaintiff proceeds *pro se*, this matter is REFERRED to the assigned United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Zoha Khan and Generational Law Group

Dated: November 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE